# EXHIBIT A



## IN THE CIRCUIT COURT OF TIPTON COUNTY TENNESSEE
### FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT COVINGTON

ROBERT STEWART

    Plaintiff,

vs.

    DOCKET NO: 7642
    JURY DEMANDED

TRANSHORN TRUCKING, LLC,
XTRA, LLC a/k/a XTRA, INC. and
TEWOLDE MIRUTSE,

    Defendants.



## COMPLAINT

Comes now the Plaintiff, ROBERT STEWART, by and through the undersigned counsel, and respectfully submits this Complaint and states as follows:

### PARTIES

1. The Plaintiff, Robert Stewart hereinafter ("Plaintiff" or "Mr. Stewart") is an adult resident and citizen of Memphis, Shelby County, Tennessee.

2. Upon information and belief, the Defendant, Transhorn Trucking, LLC hereinafter ("Transhorn") is a limited liability company licensed to do business in the state of Texas and was operating and/or doing business in the state of Tennessee, with its principal address believed to be located at 9550 Forest Lane, Building 3, Suite 304, Dallas, Texas 75243, who may be served with process through the Tennessee Secretary of State pursuant to Tenn. Code Ann. §20-2-203 through its registered agent, Okbasilassie Zerai, at 15000 Regal Oak Lane, Frisco, Texas 75035.

A TRUE COPY
ATTEST
MIKE FORBESS, CLERK
BY

3. Upon information and belief, the Defendant, Xtra, LLC a/k/a Xtra, Inc. hereinafter ("Xtra") is a limited liability company licensed to do business in the state of Maine and was operating and/or doing business in the state of Tennessee, its principal address is unknown at this time, who may be served with process through the Tennessee Secretary of State pursuant to Tenn. Code Ann. §20-2-203 through its registered agent, Jonathan A. Block, Merrill's Wharf, at 254 Commercial Street, Portland, Maine 04101.

4. Upon information and belief, the Defendant, Tweolde Mirutse, hereinafter ("Defendant Mirutse") is an adult resident and citizen of Richardson, Dallas County, Texas and who may be served with process through the Tennessee Secretary of State pursuant to Tenn. Code Ann. §20-2-203 at his last known address of 188 N. Plano Road #702, Richardson, Texas 75081 and was the employee of Defendants Transhorn Trucking, LLC and Xtra, LLC a/k/a Xtra, Inc. or in the alternative, was an independent contractor operating a truck with the express permission of Defendant, Transhorn Trucking, LLC.

5. The Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a tractor trailer driven by Defendant Mirutse in Mason, Tipton County, Tennessee on or about May 24, 2018, and, upon information and belief, the tractor/trailer is owned by Defendants Transhorn and/or Xtra.

## JURISDICTION AND VENUE

6. All events which form the basis of this Complaint occurred in Mason, Tipton County, Tennessee.

7. Venue is properly situated in Tipton County, Tennessee.

8. This Court has jurisdiction over the subject matter of this litigation.

## FACTS

9. On or about May 24, 2018, at approximately 3:34 P.M., the Plaintiff was traveling westbound on Highway 70 in Tipton County, Tennessee.

10. At said date, time and place, Defendant Mirutse was traveling southbound on Highway 59 in Tipton County, Tennessee approaching a stop sign at the intersection of Highway 59 and Highway 70.

11. Plaintiff's lane of travel did not have a stop sign.

12. At said date, time and place, Defendant Mirutse, while attempting to make a right hand turn from southbound Highway 59 onto westbound Highway 70, failed to yield before maneuvering his turn, and turned directly in front of the Plaintiff's truck, causing a collision to occur.

13. At said date, time and place, Defendant Mirutse negligently struck the front passenger's side of the Plaintiff's vehicle.

14. The resulting impact and force of Defendant Mirutse's truck propelled the Plaintiff's vehicle from the highway and into a gas station store located at the corner of the intersection.

15. This collision caused serious and permanent injuries to the Plaintiff including, but not limited to, burns on his face and body, loss of consciousness, head injury, left arm, neck, and back.

16. At all times pertinent to this Complaint, Defendants Transhorn and Xtra, were acting through its agent, servant, employee and/or independent contractor, specifically, the driver, Defendant Mirutse and therefore, Plaintiff relies on the doctrine of *Respondeat Superior*.

17. Defendant Transhorn is the true owner of the 2006 Freightliner that Defendant Mirutse was operating.

18. Defendant Xtra is the true owner of the trailer bearing license plate number ME 371693Z.

19. Plaintiff pleads Defendant Mirutse was using and operating the tractor/trailer with Defendants Transhorn and Xtra's authority, consent and knowledge pursuant to Tennessee Code §55-10-311.

## CAUSE OF ACTION
## NEGLIGENCE

20. Plaintiff reincorporates paragraphs 1-19 as though set forth verbatim.

21. Defendant Mirutse, was, at all times relevant to the events complained of, an employee, agent, and/or independent contractor of Defendants Transhorn and Xtra.

22. Plaintiff relies upon the doctrines of agency, *Respondeat Superior*, and avers that Defendants Transhorn and Xtra are liable for the negligence of its employee, agent, and/or independent contractor, Defendant Mirutse.

23. Plaintiff charges and alleges that all of the acts and/or omissions of common law negligence of the driver, Defendant Mirutse, are imputed to the owners of the tractor/trailer, Defendants, Transhorn and Xtra.

24. Defendant Mirutse acted with less than and/or failed to act with ordinary and reasonable care in the operation of the tractor trailer.

25. Defendant Mirutse is guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to wit:

   a. Negligent in failing to use that degree of care and caution in the operation of his vehicle as required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

b. Negligent in failing to maintain a proper lookout for other vehicles;

c. Negligent in failing to keep his vehicle under proper control;

d. Negligent in failing to warn Plaintiff;

e. Negligent in failing to devote his full time and attention to the operation of his vehicle;

f. Negligent in failing to bring and/or keep the vehicle he was operating under proper control when he saw or should have seen, in the exercise of reasonable care, that a collision was imminent;

g. Negligent in failing to prevent the accident and resulting injuries of the Plaintiff when he knew or in the exercise of ordinary care, should have known that a collision was imminent;

h. Negligent in coming to a complete stop at a stop sign;

i. Negligent in failing to yield before maneuvering a right turn;

j. Negligent in failing to yield to the Plaintiff's vehicle; and

k. Negligently turning from one roadway onto another without the right of way.

As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

26. The above-referenced acts of negligence of the Defendants were the cause in fact and proximate cause of the violent collision, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages.

### NEGLIGENCE *PER SE*

27.  The Plaintiff repeats the allegations contained in paragraphs 1-26 as though set forth verbatim.

28.  Plaintiff charges and alleges that Defendant Mirutse was guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision complained of, each and every such violation constituting a separate and distinct act of negligence *per se*, and each and every such act constituting a direct and proximate cause of the Plaintiffs' injuries and damages, to-wit:

> Tenn. Code Ann. § 55-8-103: Required obedience to traffic laws;
>
> Tenn. Code Ann. § 55-8-205: Reckless driving;
>
> Tenn. Code Ann. §55-8-123: Driving on roadways laned for traffic;
>
> Tenn. Code Ann. § 55-8-124: Following too closely;
>
> Tenn.Code Ann. § 55-8-131: Vehicle entering highway from drive, private road, or private driveway;
>
> Tenn. Code Ann. § 55-8-136: Drivers to exercise due care;
>
> Tenn. Code Ann. § 55-8-142: Turning movements – Signal for stop or decrease in speed;
>
> Tenn. Code Ann. § 55-8-143: Signals for turns;
>
> Tenn. Code Ann. §55-8-197: Failure to yield right of way; and
>
> Tenn. Code Ann. § 39-13-103: Reckless endangerment;

29.  Plaintiff further alleges that Defendant Mirutse was guilty of violating one or more of the following Ordinances of the City of Mason which were in full force and effect at the time and place of said accident, and that the violation of the aforesaid Ordinances were the direct and proximate cause of the Plaintiff's injuries and damages, to wit:

> Sec. 15-103.  Reckless driving;
>
> Sec. 15-108.  Miscellaneous traffic-control signals, etc.;
>
> Sec. 15-401. Turning movements general;
>
> Sec. 15-402. Right turns;
>
> Sec. 15-505. At "stop" signs; and
>
> Sec. 15-509. Stops to be signaled

30. Upon information and belief, Defendants Transhorn and Xtra maintained the tractor/trailer being operated by the driver, Defendant Mirutse for the use of business and commercial purposes.

31. At all times relevant, the tractor/trailer driven by Defendant Mirutse was being operated and used with the authority, consent and knowledge and/or as an agent for Defendants Transhorn and Xtra and/or for its use and benefit and/or as an agent for Transhorn and Xtra for a business purpose. Thus, Defendants Transhorn and Xtra are liable to the Plaintiff for the negligence and negligence *per se* of the Defendant Mirutse pursuant to the principles of *respondeat superior*, agency, bailment and/or under the presumptions set forth in Tenn. Code Ann. §§ 55-10-311 and 55-10-312.

## NEGLIGENT ENTRUSTMENT

32. Upon information and belief, Defendants Transhorn and Xtra furnished and/or gave permission to Defendant Mirutse to use the tractor/trailer and thus was negligent in entrusting the operation of the tractor/trailer owned by Transhorn and Xtra to Defendant Mirutse, which was the direct and proximate cause of the damages to Plaintiff.

33. At all times relevant, the tractor/trailer driven by Defendant Mirutse was entrusted to him by Defendants Transhorn and Xtra in spite of Defendant Mirutse's incompetence to use it

and Defendants Transhorn and Xtra's knowledge of his incompetence. Thus, Defendants Transhorn and Xtra are liable to the Plaintiff for the negligent entrustment of the tractor/trailer to Defendant Mirutse.

## NEGLIGENT HIRING

34. The Defendants, Transhorn and Xtra negligently hired, retained, and/or was negligent in their supervision of Defendant Mirutse in the course and scope of his duties as an agent/employee of Transhorn and Xtra.

35. That Defendants Transhorn and Xtra's hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting untrained and/or unqualified drivers behind the wheel of their vehicles.

## NEGLIGENT SUPERVISION

36. That Defendants Transhorn and Xtra failed to adequately supervise and train their employees/agents, which resulted in injury to Plaintiff.

## NEGLIGENT MAINTENANCE

37. That Defendants Transhorn and Xtra failed to properly maintain the tractor/trailer under their ownership and control, which contributed to and/or resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

38. Plaintiff reincorporates the allegations contained in paragraphs 1-37 as though set forth verbatim.

39. Plaintiff charges and alleges that as a direct and proximate result of one, some or all of the aforesaid acts of common law negligence and/or violations of the statues of the State of Tennessee on the part of the Defendants, that the Plaintiff has suffered damages, including but not limited to:

(a) Personal Injuries and damages;

(b) Physical pain and mental anguish, past and future;

(c) Loss of ability to enjoy the normal pleasures of life, past and future;

(d) Lost wages, both past and future; and

(e) Medical expenses, both past and future.

40. As a direct and proximate result of the negligence of the Defendants, Plaintiff's 1993 Volvo tractor/trailer sustained damages resulting in a total loss, for which he has not been reimbursed.

41. As a direct and proximate result of the negligence, and acts or omissions of the Defendants, Plaintiff was caused to suffer significant harms, losses, pain, suffering, physical injury and damages, including but not limited to those listed in this Complaint.

## RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;
2. That Plaintiff be awarded compensatory damages in an amount of Four Hundred Fifty Thousand and no/100 Dollars ($450,000.00);
3. That Plaintiff be awarded damages for the fair market value of his 1993 Volvo tractor/trailer and loss of use of same;
4. That Plaintiff be awarded post-judgement interest as allowed by law;
5. That a jury be empaneled to try the issues which are joined; and
6. Such further relief as the Court may deem just and equitable.

Respectfully Submitted,

MORGAN & MORGAN MEMPHIS, LLC

_____
Russell B. Jordan (#25493)
One Commerce Square, Suite 2600
Memphis, TN 38103
Phone: (901) 217-7000
Facsimile: (901) 333-1897
rjordan@forthepeople.com
*Attorney for Plaintiff*